**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3578-16T1

ERIC LACKLAND,

    Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and ADVOSERV OF
NEW JERSEY, INC.,

    Respondents.

_____

          Argued August 14, 2018 — Decided September 4, 2018

          Before Judges Sumners and Gilson.

          On appeal from the Board of Review, Department
          of Labor, Docket No. 093,683.

          Eric Lackland, appellant, argued the cause pro
          se.

          Emily M. Bisnauth, Deputy Attorney General,
          argued the cause for respondent Board of
          Review (Gurbir S. Grewal, Attorney General,
          attorney; Melissa Dutton Schaffer, Assistant
          Attorney General, of counsel; Emily M.
          Bisnauth, on the brief).

          Respondent AdvoServ of New Jersey, Inc. has
          not filed a brief.

PER CURIAM

Appellant Eric Lackland failed to telephonically appear for his hearing before the Appeals Tribunal (Tribunal), which resulted in a decision disqualifying him from receiving unemployment benefits because he was discharged for severe misconduct. Lackland appealed to the Board of Review (Board), which issued a final agency decision that he failed to demonstrate good cause for not appearing at the Tribunal's hearing or requesting an adjournment. We affirm.

In October 2009, AdvoServ of New Jersey, Inc., which provides residential care for developmentally disabled persons and sex offenders, hired Lackland as a full-time community living specialist. In May 2016, Lackland was terminated for taking a resident out of the facility without permission and for repeatedly failing to follow instructions. He subsequently filed for unemployment benefits. The Deputy Director determined at a fact-finding interview — in which AdvoServ did not appear — that Lackland was eligible for benefits. AdvoServ appealed to the Tribunal contending that it was not notified of the fact-finding interview and that Lackland was terminated for severe misconduct connected with the work.

A Notice of Telephone Hearing for AdvoServ's appeal was mailed to the parties. At the hearing, AdvoServ's representative

testified that appellant refused to follow instructions by taking a resident out into the community against orders, was disrespectful towards his supervisors, and had been written-up in the past for similar problems. Lackland, however, failed to call-in for the hearing or request a postponement. The Tribunal subsequently reversed the Deputy's decision, determining that Lackland was discharged for severe misconduct connected with the work as defined by N.J.S.A. 43:21-5(b). The Tribunal found that Lackland repeatedly failed to comply with his supervisor's directions, caused a commotion, and had been issued a prior warning for similar conduct in the past.

Lackland appealed to the Board, claiming that he did "not agree with the [Tribunal's] determination." The Board denied the appeal, determining:

> Since [Lackland] was given the opportunity to appear at the Appeal Tribunal hearing and as good cause for failing to appear or request an adjournment has not been presented, there is no valid ground for a further hearing.
>
> On the basis of the record below, we agree with [the] decision reached.

Before us, Lackland admits he received notice of the hearing, but claims he misunderstood the directions by believing that the Tribunal hearing examiner would call him. He also contends his

employer falsely claimed that he took residents out of the facility without permission, and that his employer falsified paperwork.

The scope of our review of an administrative agency's final determination is strictly limited. <u>Brady v. Bd. of Review</u>, 152 N.J. 197, 210 (1997). The agency's decision may not be disturbed unless shown to be arbitrary, capricious, or unreasonable. <u>Ibid.</u> Therefore, "[i]f the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" <u>Ibid.</u> (quoting <u>Self v. Bd. of Review</u>, 91 N.J. 453, 459 (1982)).

N.J.S.A. 43:21-5(b) provides that a person is disqualified for benefits if he or she is discharged for misconduct connected with the work. Misconduct is defined as "a deliberate violation of the employer's rules or a disregard of the standards of behavior which the employer has a right to expect." <u>Silver v. Bd. of Review</u>, 430 N.J. Super. 44, 53 (App. Div. 2013) (citing <u>Beaunit Mills, Inc. v. Bd. of Review</u>, 43 N.J. Super. 172, 183 (App. Div. 1956)). Such conduct must be "improper, intentional, connected with the work, malicious, and within the employee's control." <u>Ibid.</u> N.J.S.A. 43:21-5(b) provides an enhanced penalty for individuals discharged for "severe misconduct." Examples of such misconduct include "repeated violations of an employer's rule or policy." <u>Silver</u>, 430 N.J. Super. at 54.

We conclude the record supports the Board's finding that Lackland did not have good cause for not appearing at the Tribunal's telephonic hearing and that he committed severe misconduct by continued violation of his employer's rules by failing to follow his supervisor's directions despite a prior warning. Hence, he has not shown that the Board violated express or implied legislative policies, or acted arbitrarily, capriciously, or unreasonably, in finding that appellant was disqualified from receiving unemployment benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3578-16T1